UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA A.R.<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | Case No. SA CV 19-481-SP<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On March 12, 2019, plaintiff Celia A.R. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the Administrative Law Judge ("ALJ") erred at step four in determining plaintiff can perform her past

1

relevant work. Memorandum in Support of the Complaint ("P. Mem.") at 4-5; *see* Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-4; Plaintiff's Reply ("Reply") at 2-5.

Having carefully studied the parties' memoranda on the issue in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ's finding that plaintiff could perform her past relevant work was not supported by substantial evidence. The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated herein.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 59 years old on the alleged disability onset date, completed some schooling in Mexico. AR at 63, 283, 372. Plaintiff has past relevant work as a child care worker and a gluer. *Id*. at 53, 58.

On March 16, 2015, plaintiff filed an application for a period of disability and DIB, alleging an onset date of March 1, 2014 due to hearing loss, diabetes, left hand nerve damage, back injury, depression, and high blood pressure. *Id*. at 63. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id*. at 91-95, 97-104.

On January 23, 2018, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ, with a Spanish interpreter present to assist plaintiff. *Id*. at 41-62. The ALJ also heard testimony from Susan Allison, a vocational expert ("VE"). *Id*. at 58-62. After the hearing, the ALJ received additional evidence, including a statement from the plaintiff clarifying her hearing testimony and various treatment records. *Id*. at 15, 264-65, 488-736. On March 27, 2018, the ALJ denied plaintiff's claim for benefits. *Id*. at 15-28.

Applying the well-known five-step sequential evaluation process, the ALJ

1 found, at step one, that plaintiff did not engaged in substantial gainful activity from
2 March 1, 2014, the alleged onset date, through June 3, 3016, the date last insured.
3 *Id.* at 18.

At step two, the ALJ found plaintiff suffered from the following severe impairments: tenosynovitis of the left third finger status post pulley release; diabetes mellitus; history of lumbar spine disc herniation and stenosis with radiculopathy; history of hearing loss; and obesity. *Id.* at 18.

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.* at 20.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined she has the RFC to perform light work with the limitations that she could: lift and carry no more than 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours out of an eight-hour workday; and sit for six hours out an eight-hour workday. *Id.* at 20. She also had severe hearing loss in both ears and would be unable to consistently receive commands and other communication from coworkers. *Id.*

The ALJ found, at step four, that plaintiff would be able to perform her past relevant work as a gluer only as actually performed. *Id.* at 27. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.*

Plaintiff filed a timely request for review of the ALJ's decision, which was

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

denied by the Appeals Council on January 11, 2019. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

Plaintiff contends the ALJ erred in finding that plaintiff could perform her past relevant work of gluer as actually performed. P. Mem. at 4-5. Specifically, plaintiff argues that the ALJ's RFC determination that plaintiff has severe hearing loss and cannot lift more than 20 pounds conflicts with her testimony about how she actually performed the job of gluer. *Id.;* Reply at 4-5. Additionally, plaintiff contends that she should be found disabled under grid rule 202.02 because she cannot perform her past relevant work. P. Mem. at 5.

At step four, the claimant has the burden to prove she cannot perform her past relevant work, either as actually performed or as generally performed in the national economy. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted). The ALJ must make specific findings as to: (1) "the claimant's residual functional capacity"; (2) "the physical and mental demands of the past relevant work"; and (3) "the relation of the residual functional capacity to the past work." *Id.* at 845 (citing Social Security Ruling ("SSR") 82-62).

To evaluate the demands of a claimant's past relevant work as it was actually performed, the ALJ may look to the claimant's vocational report or to the claimant's own testimony. *See Pinto*, 249 F.3d at 845; *see also* SSR 82-41, 82-61. A claimant is typically the primary source for determining how a job was actually performed. *See* SSR 82-62.

Here, the ALJ found that plaintiff could perform her past relevant work as a gluer only as actually performed. AR at 27. He made this determination based upon the fact that plaintiff "did not complain of loud noise at her work place and

her hearing loss was not alleged to be a result of a work-related injury, neither at the hearing nor in her supplemental testimony submitted thereafter." *Id.* The ALJ further noted that he accepted the testimony of the VE, which he found was consistent with the Dictionary of Occupational Titles. *Id.*

The description of plaintiff's past relevant work in the record appears to conflict with the ALJ's determination that plaintiff retained the RFC to perform her past work as actually performed. Contrary to the ALJ's finding, plaintiff testified at the hearing that she could not return to her past work as a gluer because the "very noisy" environment of the factory prevented her from hearing orders from her supervisors, which she received around 10 times or more per day. *Id.* at 45-46, 54-55. The ALJ does not explain how plaintiff could perform her past relevant work as actually performed when it appears to be at odds with the ALJ's RFC assessment that she would be unable to consistently receive commands or communicate due to her severe hearing loss. *See id.* at 20. Moreover, the fact that plaintiff did not incur her severe hearing loss as a result of working as a gluer is irrelevant in determining whether she can actually perform this past relevant work.

Defendant argues the ALJ properly relied on the testimony of the VE in finding that plaintiff could perform her past relevant work as actually performed. D. Mem. at 2-4. In this case, the VE did not explain how she concluded plaintiff's past work as actually performed aligned with an inability to consistently receive commands and communicate with coworkers. *See* AR at 58-62. Beyond the VE's cursory finding that plaintiff would be able to perform her past relevant work as a gluer, there was no discussion about plaintiff's testimony that she could not receive commands from supervisors due to the noisy factory. *See id.* at 59. Given that neither the ALJ nor the VE explain the discrepancy between plaintiff's testimony about her position as a gluer and the assessed limitations in the RFC, the ALJ's finding that plaintiff could perform her past relevant work as actually performed

6

was not supported by substantial evidence. *See Pinto*, 249 F.3d at 845. This error was not harmless since the ALJ did not make any other findings at step four or step five. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 ("Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding at step five.").

Plaintiff also argues she cannot perform her past relevant work as a gluer because the RFC limited her to lifting no more than 20 pounds occasionally, and she testified at the hearing that in actually performing the job, she lifted boxes that weighed 25 to 30 pounds. P. Mem. at 5; *see also* AR at 43-44. Defendant, in turn, contends that the ALJ's finding was supported by the record, because plaintiff stated in her work history report that she only lifted up to 10 pounds in that position, which contradicts her hearing testimony. D. Mem. at 4; *see also* AR at 213. But the ALJ did not make any specific findings about the physical demands of plaintiff's past relevant work as actually performed, including how many pounds she lifted as a gluer. AR at 27. As such, the court has no basis to review the ALJ's decision regarding plaintiff's assessed lifting limitations in actually performing her past relevant work as a gluer. *See Pinto*, 249 F.3d at 847 ("Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review." (citation omitted)).

Accordingly, the ALJ erred at step four in finding that plaintiff could perform her past relevant work as a gluer as actually performed.

## V.
## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). It is appropriate for the court to exercise this discretion to direct an immediate award of benefits where: "(1) the record has been

7

fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with instructions to calculate and award benefits). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). In addition, the court must "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

      Here, remand is required to resolve outstanding issues. In particular, the ALJ must reevaluate plaintiff's past relevant work as a gluer as actually performed to determine whether she was capable of performing such work.

      Plaintiff contends that, because she could not perform her past relevant work as a gluer, she should be found disabled under Grid Rule 202.02. Grid Rule 202.02 dictates a finding of disability for a claimant of advanced age with limited education, who is skilled or semi-skilled but whose skills are not transferable, and whose RFC is limited to light work. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.02*; see also Galvez v. Colvin*, 2013 WL 6044352, at *5 (C.D. Cal. Nov. 14, 2013). The Grid Rules only apply where a claimant cannot perform her past relevant work. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(a); *see also Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (stating that an ALJ's finding that

claimant could perform past relevant work negated the argument that the ALJ erred in applying the Grid Rules). Because the ALJ erred in determining plaintiff could perform her past relevant work and must reevaluate this finding on remand, the court cannot now find plaintiff is disabled under Grid Rule 202.02.

On remand, the ALJ shall reevaluate plaintiff's past relevant work and make appropriate findings supported by the record. Then, if necessary, the ALJ shall proceed to step five and determine whether plaintiff is disabled under the Grid.

## VI.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: November 23, 2020

SHERI PYM
United States Magistrate Judge